**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

KATHRYN E. VAN VLECK,           )
                                )
    Plaintiff,              )
                                )
                                )
v.                              )  Civil Action No. 1:19-cv-60
                                )
                                )
SALLYPORT GLOBAL HOLDINGS,      )
INC. ET AL.,                    )
                                )
    Defendants.             )

**<u>MEMORANDUM OPINION</u>**

THIS MATTER comes before the Court on Defendants', Crowell & Moring and Trina Barlow, Motion to Dismiss.

This case arises from Plaintiff Kathryn Van Vleck's employment with Sallyport Global Holdings, Inc. ("Sallyport"). In April 2018, she complained to Sallyport's Human Resources ("HR") Director that a high-ranking Sallyport employee "was spreading false information and defaming her." Specifically, she alleges she complained that Sallyport's Robert Rathbun was telling people that she was an alcoholic. She alleges that Rathbun implied that she was incompetent, dishonest, unethical in the performance of her job responsibilities and duties, or that she lacked integrity and trustworthiness. She alleges that Rathbun implied she was leaving work inebriated and was therefore intoxicated during work

hours. She alleges that she considered these statements "serious" and "defamatory."

Plaintiff alleges that about a week after she brought her concerns about Rathbun to HR, she was asked by Sallyport to meet with two attorneys from Crowell & Moring, one of which was Trina Barlow, who is a partner at Crowell & Moring. Plaintiff alleges the HR Director told her that Sallyport had engaged Crowell & Moring to investigate her complaint regarding Rathbun's defamatory comments.

Plaintiff alleges that during the interview with Crowell & Moring attorneys, she was asked what basis Rathbun had for his statement about her alleged drinking habit or if she had ever been intoxicated at a work event. Plaintiff further alleges Crowell & Moring attorneys conducted interviews with a handful of other Sallyport employees and asked them questions. Plaintiff alleges that the questioning of the other employees extended to topics Plaintiff thought was unrelated to her defamation complaint, including about whether she had a sexual relationship with a subordinate and about an incident in which she reportedly removed her underwear in front of coworkers in a public place.

Plaintiff alleges that on or about May 14-16, 2018, Trina Barlow contacted her to tell her the Sallyport investigation was completed, and the results indicated that the Plaintiff needed someone in leadership to mentor her. Plaintiff alleges that she

continued working at Sallyport for another four months after Crowell's investigation concluded.

Plaintiff filed her current suit on January 15, 2019 against Sallyport Global Holdings, Inc., Caliburn International, LLC, Jim Van Dusen, Robert Rathbun, Sarita Chauhan, Trina Fairley Barlow, and Crowell & Moring. She subsequently filed an amended complaint on February 8, 2019. Plaintiff alleges six counts, four of which are against Crowell & Moring and Trina Barlow: 1) Defamation and Defamation per se (count III); 2) Tortious Interference with Business Expectancies (count IV); 3) Common Law Conspiracy (count V); and 4) Intentional Infliction of Emotional Distress (count VI). The other two counts not at issue in the current motion before the court are Discrimination and Hostile Work Environment in the Course of Employment in Violation of Title VII and Retaliation and Retaliatory Termination in Violation of Title VII.

In her Amended Complaint, Plaintiff bases her legal claims against Crowell on the questions the Crowell lawyers asked witnesses. Plaintiff alleges that her coworkers were asked inappropriate, humiliating, and misleading questions by Crowell; the Crowell lawyers spread false and defamatory claims, innuendo, and inferences about her by virtue of the strong and serious implications created by the nature of the questions they posed; the Crowell lawyers had no right to ask these highly person and defamatory questions; the nature of the questions posed to her

3

colleagues was further discriminatory, damaging, and defamatory; she was embarrassed by the questions her subordinates and coworkers were asked about her; and the fact that an outside law firm had been retained to ask these questions added unfounded and false credence to the accusations made about her.

On March 19, 2019, Crowell & Moring and Trina Fairley Barlow (together "Crowell defendants") moved to dismissed the four counts alleged against them in the Amended Complaint.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

4

Plaintiff's claims against Crowell Defendants are barred by Virginia's "absolute privilege" for anticipated or actual litigation statements. Communications by lawyers that are "material, relevant or pertinent to the judicial process" are absolutely privileged from civil liability. Mansfield v. Bernabei, 284 Va. 116, 125 (2012) (quoting Penick v. Ratcliffe, 149 Va. 618, 635 (1927)). The absolute privilege applies "to pre-filing communication" when 1) a judicial proceeding is "contemplated in good faith and under serious consideration," 2) "the communication…relates to that anticipated proceeding," and 3) the communication is "made to persons with an interest in the proposed proceeding." Id. at 125.

Plaintiff's Amended Complaint alleges that Plaintiff had complained that a Sallyport employee had committed the tort of defamation against her, which provoked the company to retain outside counsel, Crowell. Plaintiff alleges that she felt it was a very serious matter. Crowell questioned witnesses about the Plaintiff's complaint. Based on Plaintiff's allegations, a judicial proceeding was "contemplated in good faith and under serious consideration." Mansfield, 284 Va. at 125. She accused Sallyport of committing a tort that harmed her, she said it was "very serious," and the company hired outside counsel because of her defamation complaint. Furthermore, Plaintiff subsequently

filed the defamation claim that she had threatened against Sallyport.

Second, Crowell's questioning of witnesses related to the anticipated defamation proceeding. The elements of defamation include 1) whether the allegedly defamatory statement about Plaintiff's excessive drinking was true or false, and 2) whether the defamatory statement had been spread among co-workers. Jordan v. Kollman, 269 Va. 569, 576 (2005). Crowell argues that the questioning of witnesses were proper in learning what Plaintiff's colleagues thought about her prior to Rathbun's comments and were completely relevant to the anticipated proceeding. This court agrees.

Third, Crowell's allegedly tortious communications were "made to persons with an interest in the proposed proceeding." Mansfield, 284 Va. at 125. The questioning and communications were employees of Sallyport, who were also potential witnesses. For the foregoing reasons, the Court finds Crowell's questions of witnesses in response to Plaintiff's defamation allegations are absolutely privileged under Virginia law.

Additionally, qualified privilege also bars Plaintiff's claims against the Crowell defendants. "Communications between persons on a subject in which the persons have any interest or duty are occasions of privilege," and cannot form the basis of a defamation claim. Larimore v. Blaylock, 259 Va. 568, 572 (2000).

6

Virginia's qualified privilege bars tort claims in a broad array of contexts where individuals were communicating on matters of shared interest or duty. Crowell's allegedly defamatory questions were qualified privilege because they occurred in the context of communications between a corporate client and its attorneys about alleged employee wrongdoing. It is well-established that the qualified privilege applies to "cases involving defamatory statements made between co-employees and employers in the course of employee disciplinary or discharge matters." Id. Under the qualified privilege, the Amended Complaint fails to state claims against Crowell.

The Amended Complaint also fails to state viable legal claims against Crowell. To state a claim for defamation under Virginia law, a plaintiff must plead three elements: 1) publication of 2) an actionable statement with 3) the requisite intent." Va. Citizens Def. League v. Couric, 910 F.3d 780, 783 (4th Cir. 2018) (quoting Schaecher v. Bouffault, 290 Va. 83, 91 (2015)). The Amended Complaint fails to allege the second element because it only faults Crowell lawyers for questions they posed, which are not actionable statements under the law.

Whether a statement is actionable presents "a question of law to be decided on demurrer." Webb v. Virginian-Pilot Media Cos., 287 Va. 84, 90 (2014). "For a statement to be actionable, it must 'have a provably false factual connotation and thus be capable of

being proven true or false.'" Schaecher, 290 Va. at 98. The Fourth Circuit has said that an "inquiry itself, however embarrassing or unpleasant to its subject, is not accusation." Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1094 (4th Cir. 1993). Under Virginia law, "if the defendant's words cannot be described as either true or false, they are not actionable." Schaecher, 290 Va. at 98 (quoting Potomac Valve & Fitting, Inc. v. Crawford Fitting Co., 829 F.2d 1280, 1288 (4th Cir. 1987)). In this case, the Court finds that there are not any actionable statements alleged by Plaintiff as to Defendants Crowell because the statements were questions. Therefore, Plaintiff has failed to state a claim for defamation or defamation per se against Crowell.

Count IV of the Amended Complaint alleges tortious interference against Crowell Defendants. Under Virginia law, the tort of intentional interference with business expectancy consists of the following prima facie elements: 1) the existence of a valid business expectancy; 2) the putative interferer's knowledge of the expectancy; 3) an intentional interference inducing or causing a breach or termination of the expectancy; and 4) resulting damage to the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 143 (4th Cir. 2014) (citing Lewis-Gale Med. Ctr., LLC v. Alldredge, 282 Va. 141, 149 (2011)). In addition, for "interference with…business expectancies, a plaintiff must also allege as part of its prima facie case 'that the defendant employed improper

8

methods.'" Id. Plaintiff fails to allege facts showing that 1) Crowell employed "improper methods," 2) Crowell induced or caused the termination of her employment, or 3) Crowell acted outside the scope of its agency.

First, Virginia defines improper methods as "violence, threats or intimidation, bribery, unfounded litigation, fraud misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship." Priority Auto, 757 F.3d at 144 (quoting Dunlap v. Cottman Transmission Sys., LLC, 287 Va. 207, 216 n.5 (2014)). The Amended Complaint does not allege any of these improper methods. Plaintiff merely alleges that Crowell asked questions of witnesses.

Second, Plaintiff fails to allege that Crowell induced or caused the termination of her employment. Under Virginia law, Plaintiff must allege facts showing that Crowell induced or caused the breach by "taking affirmative action that was the proximate cause of the breach." OpenRisk, LLC, v. Microstrategy Servs. Corp., 876 F.3d 518, 529 (4th Cir. 2017). Plaintiff alleges that Crowell issued a finding that she needed someone in leadership to mentor her. She does not allege that this finding caused her termination four months later.

Third, "an attorney is the agency of his client." Virginia Elec. & Power Co. v. Bowers, 181 Va. 542, 547 (1943). The Amended

Complaint alleges that Crowell and its attorneys undertook its defamatory investigation as representatives and agents of Sallyport, supported and ratified by Sallyport, and at the behest and direction of Sallyport. An agent who is acting within the scope of its agency cannot intentionally interfere with the contract of his principal. Therefore, her claim fails.

Count VI of the Amended Complaint alleges intentional infliction of emotional distress. Plaintiff must allege that 1) the wrongdoer's conduct was intentional or reckless; 2) that his conduct was outrageous and intolerable, offending the generally accepted standards of decency and morality; 3) that there is a casual connection between the conduct and the emotional distress; and 4) that the resulting emotional distress was severe. <u>Ortiz v. Panera Bread Co</u>., No. 1:10-cv-1424, 2011 WL 3353432, at *6 (E.D. Va. Aug. 2, 2011). The Amended Complaint fails to meet the second and fourth elements.

First, Plaintiff fails to allege conduct by Crowell was outrageous. Under Virginia law, "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" can the element of "outrageous" conduct be met. <u>Harris v. Kreutzer</u>, 271 Va. 188, 2014 (2006). "This high standard is exceptionally difficult to prove in the employment context where multiple courts

have rejected its assertion." Ortiz, 2011 WL 3353432, *6. Plaintiff's allegations that Crowell aggressively attacked and targeted her by asking questions about sex with co-workers, subordinates, suggesting she took off undergarments in public and having sex with men in public restrooms is not enough to show outrageous conduct under the law.

Second, Plaintiff fails to allege sufficient emotional distress as a result of Crowell's actions. Under Virginia law, "liability for intentional infliction of emotion distress 'arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it.'" Harris, 217 Va. at 205. Plaintiff has alleged no such distress. Therefore, her claim fails.

Lastly, Plaintiff fails to state a conspiracy claim against Crowell in Count V of her Amended Complaint. Because Plaintiff's underlying tort claims against Crowell must be dismissed for all the reasons previously discussed, her corresponding conspiracy claim must also be dismissed. Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 311 (4th Cir. 2012).

For the foregoing reasons, Crowell & Moring LLP and Trina Fairley Barlow's motion to dismiss is granted. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 28, 2019

12